# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

INDUSTRIAL COMPONENTS OF
LATIN AMERICA, INC.,

    Plaintiff,

v.                                                Case No. 8:18-cv-1885-T-02AAS

SYNTRON MATERIAL
HANDLING LLC,

    Defendant.
_____/

## ORDER

This matter comes to the Court on a Motion for Summary Judgment filed by the Defendant, Syntron Material Handling LLC. Dkt. 44. Plaintiff, Industrial Components of Latin America Inc., filed a response to this motion and a memorandum in opposition. Dkts. 53 & 54. With the benefit of full briefing and able argument by both sides at a hearing, the Court grants in part and denies in part the Defendant's motion for summary judgment (Dkt. 44) pursuant to Fed. R. Civ. P. 56.

## FACTUAL BACKGROUND

This case concerns a contract dispute. Plaintiff, a Florida corporation, entered into a sales representative contract with Defendant, a Mississippi

1

corporation, on June 3, 2016. Dkt. 1 ¶¶ 1, 2, 5. The contract was a form contract generated by Defendant. Dkt. 54-12 at 54. Schedule A of the contract was amended on June 8, 2016. Dkt. 54 at 2. The contract ran from this date to December 31, 2017. Dkt. 1-1 § 3.1. Though, it could be cancelled at any time so long as there was adequate notice. Dkt. 1 ¶ 10.

Per the contract, Plaintiff was to be paid commissions on sales to customers within their sales territory, except for certain excluded "house accounts"— including the account for FMC. Dkt. 1-1 at 8. The commission amount was based on the "annual percent of sales [in 2016] against 2015 adjusted sales of $2,602,695." *Id.* Essentially, maintaining the status quo within the sales territory resulted in a 2% commission for Plaintiff, while growth in the book of business would result in 7% or 9% depending on the size of the growth. *Id.*

In January 2017, Defendant terminated the contract with Plaintiff by appropriately giving adequate written notice. Dkt. 1 ¶ 13. Upon termination, "[a]ll sums owed by either party to the other [became] due and payable immediately . . . ." Dkt. 1-1 § 11. After Defendant failed to pay Plaintiff what they were allegedly owed, Plaintiff brought this lawsuit for: breach of contract, violation of the Mississippi Sales Representative Act, and quantum meruit. Dkt. 1. Plaintiff alleges that they were paid at the 2% commission level rather than the elevated commission level they were allegedly owed and they were not paid commission

on sales to FMC. Dkt. 44 at 5. Defendant now moves for summary judgment on these claims. Dkt. 44.

## LEGAL STANDARD

Under Rule 56, Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F. 3d 739, 742 (11th Cir. 1996). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If met, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F. 3d 1093, 1098 (11th Cir. 2018) (citation omitted). To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must go beyond the pleadings and "identify

3

affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in the non-moving party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

## DISCUSSION

1. <u>Contractual Claims</u>

In Count I of the Complaint Plaintiff brings a claim for breach of contract. Dkt. 1 at 4–5. Plaintiff alleges that the contract provides: 1) the period of time relevant to determining which commission threshold Plaintiff was entitled to started prior to the effective date of the contract and 2) that commissions for sales to FMC—an account listed as an excluded "house account"—were included in the commission schedule for the contract. Dkt. 53 at 14–18. Plaintiff alleges that they were not paid under the contract according to these terms. Dkt. 44 at 10. However, Defendant argues that it is clear that neither of these terms are included in the

4

contract. *Id.* at 10. Defendant argues that summary judgment should be granted on these claims because these disputed terms are unambiguously not in the contract and, in any event, the contract contained a wavier provision that resulted in Plaintiff waiving any disputed additional compensation due under these provisions. *Id.* at 10–11. This Court finds that these are disputed issues of fact and are not appropriate for summary judgment.

Taking the evidence in the light most favorable to the non-movant, the contract has factual ambiguities. It is undisputed the contract is silent as to when the applicable time period begins. The contract simply provides that the commission percentage used to calculate Plaintiff's commissions is determined based on the "annual percent of sales [in 2016] against 2015 adjusted sales of $2,602,695." Dkt. 1-1 at 8. In other words, the 2015 annual subtotal set the baseline or hurdle which, if exceeded in 2016, raised the commission rate. Plaintiff argues that this means that all 2016 sales, even those prior to the June 3, 2016 effective date of the contract, are counted in determining the total of 2016 annual sales. Dkt. 53 at 14. Defendant argues that common sense says that the effective date of the contract must be the starting point for determining the compensation threshold, since this is the first point at which Plaintiff is making sales for Defendant. Dkt. 44 at 10–11. Plaintiff responds that it is illogical to compare an entire year of sales with six months of sales. Dkt. 53 at 17. This dispute is further

5

clouded by the fact that the 2015 annual sales baseline involved sales by a different representative, not Plaintiff. Likewise, no sales by this Plaintiff occurred in the first five months of 2016.

Further, since plain language of this contract is silent as to this issue, parol evidence may be used to determine the meaning of the contract. *Harris v. Harris*, 988 So. 2d 376, 379 (Miss. 2008). Plaintiff points to an email from an employee of Defendant, prior to contract signing, that mentions Plaintiff was already at an elevated compensation percentage at the beginning of the contract—implying that sales from January through May 2016 would be included in calculating the commission threshold. Dkt. 53 at 16. Yet, Defendant produces evidence that Plaintiff was paid according to the smaller percentage—consistent with the commission period beginning on the effective date of the contract. Dkts. 44-8 to 44-15. When the commission threshold period began is a disputed material fact, not plainly stated in the contract, not ripe for summary judgment. *See* Fed. R. Civ. P. 56(a).

As to the inclusion of FMC in the commission schedule of the contract, this too is not stark and clear enough to put Plaintiff out of court on summary judgment. The plain language of the contract excludes FMC as a commissionable account and the Court might have granted Defendant this issue if it were the only point in dispute in Count I. But, there are allegations by Plaintiff that there are

6

different FMCs based in different countries—some of which Plaintiff made sales presentations to. Dkt. 54-3 at 49–53. The contract is ambiguous as to which FMC accounts were included and excluded. While the parol evidence rule would normally exclude evidence extrinsic to the contract, it does "permit[] clarification of contract ambiguities by testimony showing agreed meanings between the parties[.]" *Mississippi State Highway Comm'n v. Dixie Contractors*, Inc., 375 So. 2d 1202, 1205 (Miss. 1979). Here, there is evidence from numerous different sources regarding whether FMC is an included commission account. Dkt. 53 at 18; *see also* Dkt. 54-12 at 35–39 (emails and Defendant's testimony showing confusion on the FMC issue). Plaintiffs even argue that they were paid for some FMC accounts and Defendant stated those payments might have been by mistake. This further clouds the issue. As such, whether FMC is included is a disputed fact not ripe for summary judgment. *See* Fed. R. Civ. P. 56(a).

Finally, Defendant points to what is argued to be a waiver provision. This clause says that "[Plaintiff] waives all objections to statements of account rendered by SMH unless written notice thereof is given within thirty (30) days after receipt of the respective statement." Dkt. 1-1 § 5.3. Defendant argues that even if Plaintiff's interpretation of the contract is correct, by failing to dispute statements of account within thirty days of receipt Plaintiff waived any potential objections to the amount paid—namely that Plaintiff was paid at a lower commission percentage

7

and was not compensated for FMC sales. Dkt. 44 at 11. In effect, Defendant claims a thirty-day statute of limitations on contract disputes. However, it is disputed whether these are actually "statements of account" according to the contract provision and whether Plaintiff actually received them. Dkt. 53 at 19; Dkt 54 at 7–8. This is a disputed material fact not ripe for summary judgment. *See* Fed. R. Civ. P. 56(a).

As such, it is unclear whether the contract was breached by the Defendant and whether the Plaintiff waived any right to dispute breaches of the contract under the waiver provision of the contract. Summary judgment is inappropriate for this Count and it must be decided at trial.

2. Violation of Mississippi's Sales Representative Act

Count II of Plaintiff's Complaint alleges that Defendant failed to pay sales commission owed to them within the proper timeframe as required by the Mississippi Sales Representative Act, Miss. Code §§ 75-87-1 to -7 (2019) (the "Act"). Dkt. 1 at 5–7. Defendant moves for summary judgment on this Count because either the Act does not apply to Defendant or it is unconstitutional and cannot be used at all in this case. Dkt. 44 at 6–9. Plaintiff agrees with Defendant that the Act is unconstitutional as a violation of the Commerce Clause of the United States Constitution. Dkt. 53 at 6. However, Plaintiff argues that once this

Court finds the Act unconstitutional it should merely strike the unconstitutional language and leave the residue intact—thus creating a cause of action under the Act for Plaintiff against Defendant. *Id.*

This is a bridge too far for this Court. The statute does not apply to the facts of this case. The Act defines a "principal" as:

> [A]ny person **who does not have a permanent or fixed place of business in this state** and who:
>
> (i) Engages in the business of manufacturing, producing, importing or distributing a product or products for sale to customers who purchase such product or products for resale;
>
> (ii) Utilizes sales representatives to solicit orders for such product or products; and
>
> (iii) Compensates the sales representatives, in whole or in part, by commission.

Miss. Code Ann. § 75-87-1(b) (emphasis added). As such, a "principal" under the Act can only be a person who "who does not have a permanent or fixed place of business in" Mississippi. *Id.* It is undisputed that Defendant is a business that is based in Mississippi. Dkt. 1 ¶ 2. Whether constitutional or not, the statute plainly does not apply in this case. This Court is not prepared to blue-pencil the laws of Mississippi to create a cause of action here where there is none. Accordingly, summary judgment on this issue must be granted for Defendant.

3. Quantum Meruit

Finally, Defendant moves for summary judgment on Count III of Plaintiff's Complaint. Dkt. 44 at 9. Count III is an alternative theory based on equitable quantum meruit recovery. Defendant argues that this claim is duplicative of the claims presented in the breach of contract claim and should be dismissed. *Id.* 9–10. This Court agrees.

Quantum meruit is an equitable remedy designed to provide means of recovery for the value of services rendered by one party to another where there is a reasonable expectation of compensation for those services. *In re Estate of Fitzner*, 881 So. 2d 164, 173 (Miss. 2003). In order to recover under quantum meruit a plaintiff must prove: "1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and 4) under such circumstances as reasonably notified [the] person sought to be charged that [the] plaintiff, in performing such services, was expected to be paid by [the] person sought to be charged." *Id.* at 173–74. And, while the existence of an express contract would prevent quantum meruit recovery for the services contemplated in the contract, services that are unanticipated in the contract could implicate equitable recovery under this theory. *See Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 515 (Miss. 2007).

Quantum meruit is surely available to be alleged in the alternative when a contract fails or when a contract is incomplete. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively . . . ."); *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 970 (Miss. 1999). Yet, here, there is a signed executory contract between sophisticated commercial entities with equal bargaining power. The contract provides for adequate remedies and, although some of the underlying facts are in dispute, who owes how much will be determined by the contract.

As in *Sentinel*, this Court does not find the work performed by Plaintiff to be unanticipated under the contract. *Sentinel*, 743 So. 2d at 970. Nor does this case present an estoppel-type situation where one party ordered and received extra-contractual benefits. The parties note it is undisputed that "[a]ll of [Plaintiff's] work was performed pursuant to the contract, and [Plaintiff] did not perform any work for [Defendant] outside of the scope of the contract." Dkt. 54 at 4. In this case a claim for quantum meruit recovery is duplicative and unnecessary. Accordingly, Defendant's summary judgment motion as to this claim is granted.

## CONCLUSION

For the reasons stated above this Court grants in part and denies in part Defendant's motion for summary judgment. Dkt. 44. The Clerk is directed to enter

judgment in favor of Defendant as to Count II (Violation of Mississippi Sales Representative Act) and Count III (Quantum Meruit). This Court finds that there are still issues of material fact that prevent summary judgment from being granted for Count I (Breach of Contract), so summary judgment will be denied as to this count and it remains for trial.

**DONE AND ORDERED** at Tampa, Florida, on September 18, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record